UNITED STATES COURT OF INTERNATIONAL TRADE

```
------------------------------------------------------------x
IKKO INTERNATIONAL TRADING LLC,        :
                                       :
                  Plaintiff,           :   Court No. 22-00118
                                       :
          v.                           :
                                       :
UNITED STATES,                         :
                                       :
                  Defendant.           :
                                       :
------------------------------------------------------------x
```

**<u>COMPLAINT</u>**

Plaintiff, Ikko International Trading LLC, through its undersigned attorneys, alleges the following as its complaint in this case:

1.    The United States Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2.    Plaintiff is the importer of record of the subject merchandise and has standing to bring this action.

3.    The protest and summons in this action were timely filed.

4.    All liquidated duties, charges, and exactions were paid prior to the commencement of this action.

5.    The subject merchandise consists of four variations of sliced ginger root (two white and two pink) containing ginger, water, salt, acetic acid, citric acid, aspartame, potassium sorbate, and sodium saccharin. The pink ginger also contains red no. 40.

6.    The subject merchandise was classified at liquidation by United States Customs

and Border Protection (hereinafter "CBP") under subheading 2001.90.6000, Harmonized Tariff Schedule of the United States (hereinafter "HTSUS"), which covers "Vegetables, fruit, nuts and other edible parts of plants, prepared or preserved by vinegar or acetic acid: Other: Other: Other," dutiable at 14% *ad valorem*.

7.    The subject merchandise, as a product of China, was also classified at liquidation by CBP under subheading 9903.88.03, HTSUS, and dutiable at 25% *ad valorem*.

### COUNT ONE

8.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 7.

9.    The subject merchandise consists of sliced ginger roots.

10.    The subject merchandise is properly classifiable as "Ginger" under subheading 0910.11.00, HTSUS, free of duty.

11.    The subject merchandise, as a product of China, is also properly classified under subheading 9903.88.15, HTSUS, and dutiable at 15% *ad valorem*.

### COUNT TWO

12.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 7.

13.    The subject merchandise is an edible part of a plant that has been prepared or preserved.

14.    The subject merchandise is not prepared or preserved by means of vinegar or acetic acid.

15.    The subject merchandise is alternatively classifiable under subheading

2

2008.99.91, HTSUS, and dutiable at 6% *ad valorem*.

16.    The subject merchandise, as a product of China, is also alternatively classifiable under subheading 9903.88.03, HTSUS, and dutiable at 25% *ad valorem*.

WHEREFORE, plaintiff respectfully requests the Court to enter judgment declaring that CBP's classification upon liquidation of the subject merchandise was contrary to law; that the claimed classification of the subject merchandise under subheading 0910.11.00, HTSUS, or, alternatively, under subheading 2008.99.91, HTSUS, be sustained; and that CBP be directed to reliquidate the involved entries accordingly and to refund the excess duties collected together with lawful interest; and granting such further relief, including attorneys' fees and costs, as the Court deems proper.

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP
*Attorneys for Plaintiff*
707 Wilshire Boulevard
Suite 4150
Los Angeles, CA 90017-3720
Tel. (212) 557-4000
ESmithweiss@gdlsk.com

By:    /s/ Erik D. Smithweiss
Erik D. Smithweiss
Matthew A. Seymour

Dated:  April 29, 2026
New York, New York

3

15204677_1